In the Matter of Proving the Last Will and Testament of
    AMOS F. ENO, Deceased, as a Will of Real and Personal
    Property.
TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW
    YORK and WILLIAM MITCHELL and LUCIUS H. BEERS, Pro-
    ponents Appellants; WILLIAM P. ENO and Others,
    Respondents.

(*Supreme Court, App. Div., First Dept., April 7, 1916.*)

SURROGATE'S COURT—COUNTY OF NEW YORK—TRANSFER OF JURY TRIAL OF
    CONTESTED PROBATE PROCEEDING TO SUPREME COURT AFTER ORDERING TRIAL
    IN SURROGATE'S COURT.

    When one surrogate of the county of New York, after hearing all of
    the interested parties, has exercised the discretion given to him by statute
    to order a probate proceeding tried by jury in the Surrogate's Court, and
    no appeal has been taken from the order and the same has become
    final and conclusive, the other surrogate of said county should not inter-

fere, unless different facts are presented, by directing a trial in the Supreme Court, notwithstanding the fact that he has the power under section 2538 of the Code of Civil Procedure to make such transfer.

APPEAL by Trustees of Columbia University in the City of New York and others from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 1st day of March, 1916, denying a motion to transfer the issues in this contested probate proceeding from the Surrogate's Court to the Supreme Court, except from such part of the order as stays all proceedings pending this appeal.

Wallace Macfarlane, for the appellants.

Charles H. Beckett, for the respondents.

McLAUGHLIN, J.— This appeal is from an order of the Surrogate's Court of the county of New York denying a motion to transfer the issues in a contested probate proceeding from the Surrogate's Court to the Supreme Court.

On the 27th of October, 1915, a petition for the probate of the will of Amos F. Eno, deceased, verified by the executors named therein, was presented to the Surrogate's Court of the county of New York, upon which a citation was issued directed to the parties intersted, returnable December 10, 1915. Upon the return of the citation objections to the probate of the will were filed by the heirs at law and next of kin of the testator and a trial by jury demanded. On the fifteenth of December following, five days after the return of the citation and the filing of the objections, the contestants noticed for settlement an order for a trial by jury in the Surrogate's Court as provided in rule VII relating to jury trials of probate cases in the Surrogate's Court of the county of New York. This rule provides that: "Within five days after a jury trial is demanded in the objections filed to the probate of a will the party making the demand shall present on two days' notice of settlement to

the attorneys of all parties who have appeared by attorney a proposed order directing such trial by jury. Such order shall state plainly and concisely the controverted questions of fact to be tried by jury. If a party demanding a trial by jury fails to serve and present a proposed order as aforesaid, such order may thereafter be presented by any prty to the proceeding."

In purusance of a notice given under this rule for the settlement of an order directing a jury trial all of the parties appeared before one of the surrogates on the seventeenth of December. An order was then made which directed that the trial of the issues as to the probate of the will be had before a surrogate and a jury at a Trial Term of the Surrogate's Court to be held in the county of New York commencing Monday, the 3d day of January, 1916. No appeal was taken from the order and the time to do so has expired. All of the parties, so far as appears, acquiesced in it and noticed the proceeding for trial at the time stated. When the matter came on for trial on the third of January the attention of the surrogate presiding at the trial was called to the fact that another paper purporting to be the last will and testament of the decedent had been offered for probate by one of the respondents and a citation issued, returnable on the tenth of February; that a motion for taking the deposition of a person in France had been granted, but the form of the order had not been settled; that the attorney for the contestants asked that the trial be postponed until the March term, and the attorney for the proponents asked that it be set down for the February term. The motion of the contestants was granted and the proceeding for the probate of each will is upon the March Trial Term calendar.

After an order had been made setting the case for trial at the March term a motion was made by the proponents, by an order to show cause, returnable on the fourteenth of February, why the proceeding should not be transferred to the Supreme Court for trial. The motion was denied " solely on the ground of want of power in the Surrogate before whom said motion was

made to grant the same " and the trial " stayed until the decision of any appeal that may be taken to the Appellate Division of the Supreme Court in this department from this order." It is from this order that the present appeal is taken.

I am of the opinion that the learned surrogate erroneously held that he had no power to grant the motion transferring the issues to the Supreme Court for trial. Section 2538 of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 443, and Laws of 1915, chap. 275) expressly provides that " Either of the surrogates of the county of New York may, in his discretion, make an order transferring to the Supreme Court any special proceeding for the probate of a will pending in said county." He had not been deprived of this power by any act taken in the proceeding either by himself or the other surrogate. He had the power to transfer the issues to the Supreme Court for trial because the Legislature had expressly conferred the same upon him. It was discretionary with him whether or not he would exercise it; but, while the reason assigned by him was wrong, I think, under the facts and circumstances, to have granted the motion would have been an improper exercise of discretion. When the application was made to the other surrogate to have the issues tried before a jury, he had to grant the motion. He had no discretion, but was obliged to send the issues to a jury for trial. The section of the Code of Civil Procedure before referred to so provides. It is: " In any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same." The demand was properly made, and thereafter the only discretion left in the surrogate was whether he would direct a trial of the issues before a jury in the Surrogate's Court or in the Supreme Court. This discretion he exercised by directing the trial in the former court, and having so exercised it, and the case having been set down for trial in that court, I think

it would have been an *improper exercise* of discretion on the part of the other surrogate, the facts being the same, to have in effect reversed that order by directing a trial in the Supreme Court; in other words, I think when one surrogate after hearing all of the interested parties, has exercised the discretion given to him by statute to order a probate proceeding tried by jury in the Surrogate's Court, and no appeal has been taken from the order, and the same has become final and conclusive, the other surrogate ought not, unless different facts are presented, to interfere by directing a trial in another forum. The orderly method of procedure, as well as the proper administration of justice, require, as it seems to me, that course should be taken, notwithstanding the fact that the other surrogate has the power to make such transfer.

I am, therefore, of the opinion that the motion to transfer to the Supreme Court was properly denied, and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and DAVIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.